## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GARRY LEWIS, ET AL**                                         **CIVIL ACTION**

**VERSUS**                                                      **NO:  21-937**

**UNITED STATES ARMY CORPS OF**                                **SECTION: "S" (1)**
**ENGINEERS, ET AL**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Partial Dismissal** (Rec. Doc. 19) filed

by defendants is **GRANTED**, and Count I of the Complaint is **DISMISSED**.

### I. BACKGROUND

This suit stems from the United States Army Corps of Engineers' ("Corps") December

2020 determination that certain land owned by plaintiffs, Garry Lewis and Garry Lewis-

Louisiana, LLC, is subject to Clean Water Act ("CWA") jurisdiction. It is the latest installment

in a eight-year saga involving the parties: the property owners who seek to develop it, and the

Corps, who has twice determined that portions of the property contain waters of the United

States, and thus require a permit for development. In the parties' last appearance before this

court,[1] the court set aside the Corps' November 2017 approved jurisdictional determination

("AJD"), based on the court's finding that the AJD lacked sufficient evidence of a significant

nexus between the wetlands and a traditional navigable waterway ("TNW"). Accordingly, the

court remanded the matter to the agency for further proceedings to substantiate the required

_____

[1]Civil Action No. 18-1838 (S)(1), E.D. La.

finding.

While the first suit was pending in this court, new regulations were enacted, the Navigable Waters Protection Rule, 85 Fed. Reg. 22, 250 (Apr. 21, 2020) ("NWPA" or "New Rule"). On remand, the Corps applied the New Rule, and in its December 2020 AJD, determined once again that certain of plaintiffs' property was jurisdictional. The Corps waived further administrative review requirements, and the AJD was immediately appealed to this court pursuant to the Administrative Procedure Act ("APA"). However, in addition to lodging a challenge under the APA in Count II of the Complaint, plaintiffs, in Count I, raise additional constitutional claims, and allege that the Corps unconstitutionally applied the NWPR, assert claims under Article III of the Constitution, allege a partial taking, and allege a claim for Double Jeopardy pursuant to the Fifth Amendment. In the instant motion, the Corps seeks dismissal of Count I, all of the non-APA claims, including plaintiffs' takings claim, double jeopardy claim, Article III claim, and non-APA constitutional claims.

## II. DISCUSSION

**A. Legal Standards**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting

2

jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 556 U.S. at 678.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

3

**B. Takings Claim**

Plaintiffs argue that the standstill of development on the property amounts to a regulatory taking, for which they are entitled to injunctive and declaratory relief. Defendants have moved to dismiss the takings claim, arguing that the court lacks jurisdiction over it because under the Tucker Act, the U.S. Court of Federal Claims enjoys exclusive jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).[2]

Plaintiffs oppose, arguing that while they could have opted to pursue relief in the form of just compensation under the Tucker Act, they are equally entitled to pursue other "non-APA" relief, over which this court has jurisdiction. They argue that instead of just compensation under the Tucker Act, they seek declaratory and injunctive relief, and that their allegations of property damages and losses were included merely to establish standing (by demonstrating a concrete injury), and not because recovery of just compensation is the objective of their suit. Indeed, a review of the prayer section of plaintiffs' complaint reflects that extensive injunctive and declaratory relief is prayed for, but compensation for taking is not, except to the extent it is implied in the prayer for "any other relief as the Court may deem proper."

---

[2]Defendants acknowledge that the Little Tucker Act, 28 U.S.C. § 1346(a)(2), carves out a limited exception, giving district courts concurrent jurisdiction with the United States Court of Federal Claims, over civil actions or claims against the United States valued at less than $10,000, but it is undisputed in this case that plaintiffs allege the loss of hundreds of thousands of dollars. Complt., ¶ 66.

However, "[e]quitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1016 (1984). "[A]n individual claiming that the United States has taken his property can seek just compensation under the Tucker Act, 28 U.S.C. § 1491." Thus, plaintiffs are barred from seeking equitable relief for a governmental taking where a suit for compensation is available. This court does not have jurisdiction to hear such a suit for compensation, because the suit alleges more than $10,000 in damages. Congress made a limited waiver of the United States' sovereign immunity for a takings claim in the Tucker Act, which indicates that only the Court of Federal Claims has jurisdiction for such a suit. Accordingly, plaintiffs' non-APA takings claims are dismissed for lack of jurisdiction.

**C. Double Jeopardy Claim**

Plaintiffs have alleged a claim for Double Jeopardy. Defendants seek to dismiss the claim, arguing that the Fifth Amendment's Double Jeopardy Clause does not protect against the kind of conduct that plaintiffs allege. Plaintiffs acknowledge that the complaint's heading was mislabeled, stating that the designation of the claim as one for Double Jeopardy was "based on a fact not a feeling," and that their actual intent was to raise an estoppel argument "as a sword not a shield." Rec. Doc. 20. Plaintiffs appear to argue that the court's previous rulings regarding these parties, and the Corps's previous findings regarding their land, have a preclusive or similar effect on the claims asserted in this case.

To the extent that plaintiffs' complaint alleges a Fifth Amendment Double Jeopardy

claim, it is dismissed as conceded. Plaintiffs' estoppel arguments may be raised in the appropriate context, should it arise.

## D. Article III Claim

Paragraphs 45 and 46 of plaintiffs' complaint fall under the heading "Constitution, Article III" and request injunctive relief and damages. Defendants seek to dismiss any claim under Article III arguing that neither Article III nor the Declaratory Judgment Act provide a substantive cause of action.

The referenced paragraphs do not include a substantive cause of action. However, in opposing dismissal, plaintiffs argue that the "Article III" heading is meant to reinforce their non-APA claims, which are premised on the government's alleged actions regarding the property over and above the official agency action, in violation of the Constitution.

Article III vests judicial power in the courts and authorizes courts to entertain only cases presenting genuine cases or controversies. U.S. CONST. art. III. It does not establish a private right of action. Accordingly, to the extent plaintiff has attempted to state an independent claim under Article III, it is dismissed for failure to state a claim. To the extent the reference is intended solely to support plaintiffs' non-APA claims, those claims are discussed below.

## E. Non-APA Constitutional Claims (Totality of the Circumstances)

Plaintiffs allege that the entirety of the Corps' conduct, from the beginning of their involvement to the present day, including the Corps' alleged rejection of prior studies of the land favorable to plaintiffs' aims, overzealous application of regulations, and abusive litigation tactics, violated their constitutional rights. Plaintiffs characterize these claims as "indiscrete" claims

6

based on the totality of the circumstances, in excess of the challenged agency action. Defendants counter that these constitutional claims are duplicative of the APA claims.

Plaintiffs rely on <u>Juliana v. United States</u>, 947 F. 3d. 1159 (9th Cir. 2020). In <u>Juliana</u>, the plaintiffs argued that the totality of the federal government's actions exacerbated climate change, which violated their constitutional rights. <u>Id.</u> The Ninth Circuit recognized that while some constitutional challenges to agency action must proceed through the APA, "forcing all constitutional claims to follow its strictures would bar plaintiffs from challenging violations of constitutional rights in the absence of a discrete agency action that caused the violation." <u>Id.</u> at 1167. But plaintiffs are not placed in that dilemma in this case. The violations plaintiffs herein complain of all stem from the discrete agency action that plaintiffs have challenged under the APA. While plaintiffs are correct that the APA does not absorb all constitutional claims, and clearly an agency may act unconstitutionally through means other than official agency action, all of plaintiffs' alleged harm in this case arise from the December 2020 AJD and the NWPR. Further, while plaintiffs allege that their harm exceeds that inflicted solely by the AJD because the totality of government action foreclosed use of all 2000 acres, none of the allegations indicate how or why plaintiffs cannot use the entire 2000 acres."[3] At base, all of plaintiff's complaints relate to the Corps's jurisdictional determinations and the NWPR. The APA provides a basis to

---

[3]The court also notes that plaintiffs have not engaged the Corps' argument that the AJD does not prevent them from using the jurisdictional tracts, it merely requires them to seek and obtain a permit to do so.

7

remedy those harms. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Partial Dismissal** (Rec. Doc. 19) filed

by defendants is **GRANTED**, and Count I of the Complaint is **DISMISSED**.

New Orleans, Louisiana, this   5th   day of October, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

8