UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARRY LEWIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-937** |
| **UNITED STATES ARMY CORPS OF ENGINEERS, ET AL** | **SECTION: "S" (1)** |

### ORDER REMANDING CASE

Before the court are the plaintiffs' **Motion for Summary Judgment** (Rec. Doc. 37), and the United States Army Corps of Engineers' ("Corps") **Motion for Voluntary Remand** (Rec. Doc. 40). Both motions are opposed.

This suit stems from the Corps' December 2020 Approved Jurisdictional Determination ("AJD") that certain land owned by plaintiffs, Garry Lewis and Garry Lewis-Louisiana, LLC, is subject to Clean Water Act ("CWA") jurisdiction. Since the filing of the motions, the United States Supreme Court has issued its opinion in Sackett v. Env't Prot. Agency, No. 21-454, 2023 WL 3632751 (U.S. May 25, 2023) addressing the limits of CWA jurisdiction over adjacent wetlands. The parties have filed supplemental memoranda, and plaintiffs have requested that the court adjudicate its challenge applying Sackett. The Corps re-urges the arguments made in its motion for voluntary remand, emphasizing its willingness to withdraw[1] the Approved Jurisdictional Determination in this suit, and offering to expeditiously reassess plaintiffs' property in accordance with Sackett.

---

[1] Corps' Withdrawal Letter, Rec. Doc. 48-1.

The court first observes that "in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions." Macktal v. Chao, 286 F.3d 822, 825–26 (5th Cir. 2002). In addition, remand is proper when there are "intervening events outside of the agency's control, for example, a new legal decision. . . ." SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001) (citations omitted). Accordingly, "[w]hen an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons." Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta, 375 F.3d 412, 416 (6th Cir. 2004). It has been found to be "an abuse of discretion to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action." Id. Remanding such matters serves the goal of judicial economy "by providing the federal defendants the opportunity to cure their own mistakes." Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D.C. Cir. 1993). Further, "[f]undamental principles of administrative law ... teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question." Smith v. Berryhill, 139 S.Ct. 1765, 1779 (2019).

In this case, it is undisputed Sackett may affect the result, and that the Corps issued its decision without the benefit of the Sackett opinion. Further, the agency's offer to withdraw the challenged AJD potentially renders the instant case moot. Accordingly, the court finds that remand to the agency for further review in light of Sackett is appropriate. Therefore,

**IT IS HEREBY ORDERED** that the **Motion for Voluntary Remand** (Rec. Doc. 40) is

**GRANTED**, and instant matter is **REMANDED** to the agency for further consideration in light of <u>Sackett v. Env't Prot. Agency</u>.

 **IT IS FURTHER ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 37) **DISMISSED as moot.**

 Louisiana, this  12th  day of June, 2023.

_____<br>
**MARY ANN VIAL LEMMON**<br>
**UNITED STATES DISTRICT JUDGE**